```
                                        ┌─────────────────────────┐
                                        │ ___ FILED    ___ LODGED │
                                        │ ___ RECEIVED ___ COPY   │
                                        │                         │
                                        │      NOV 25 2025        │
                                        │                         │
                                        │  CLERK U S DISTRICT COURT│
                                        │    DISTRICT OF ARIZONA  │
                                        │  BY_____ DEPUTY  │
                                        └─────────────────────────┘
```

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 24-02540-TUC-RCC (BGM) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Robert Alan Wittenberg, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1. The defendant agrees to plead guilty to a felony Information charging the defendant with a violation of 18 U.S.C. § 4, Misprision of a Felony. The Indictment will be dismissed at sentencing.

### Elements of the Offense

2. The elements of the offense are as follows:

   a. The defendant had knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: Making a False Statement in Records of Federal Firearms Licensee as charged in the Indictment;

   b. The defendant had knowledge that the conduct was a federal felony;

   c. The defendant failed to notify the authorities as soon as possible; and

   d. The defendant did an affirmative act to conceal the crime.

## Maximum Penalties

3. The defendant understands that the maximum penalties for the offense to which the defendant is pleading guilty are a fine of $250,000.00, or a maximum term of three (3) years imprisonment, or both, and a maximum term of one (1) year supervised release.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, and shall be paid no later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

6. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that the defendant has discussed this eventuality with their attorney. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

7. <u>Stipulations regarding sentencing.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that:

   a. The defendant shall be sentenced to a term of supervised probation for

1  a length of time determined by the Court;

2  b. The parties agree that there will be no reduction in the guidelines based on the role in the offense pursuant to U.S.S.G. § 3B1.2, because an adjustment for reduced culpability is incorporated in the base offense level, as noted in U.S.S.G. § 2X4.1, comment (n.2).

c. For purposes of the calculation under U.S.S.G. § 2X4.1 for the calculation of the "underlying offense" the parties agree that any specific offense characteristics pursuant to U.S.S.G. § 2K2.1 that are not explicitly stipulated to as part of the elements of the offense, in the factual basis, nor elsewhere in this plea, may be contested by either party at sentencing;

d. The defendant agrees not to seek any other adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant acknowledges that if the defendant seeks any such adjustment or departure, the government may withdraw from the plea.

e. Nothing in this agreement precludes the defendant from asking for a variance from the final advisory Sentencing Guidelines Range.

f. The parties agree the United States Attorney's Office for the District of Arizona will not seek additional charges against the defendant for conduct related to the following law enforcement case numbers: Los Angelos Police Department #202109073, Tucson Police Department (TPD) #2309150265, TPD #2312110215, TPD #2402240178, TPD #2404150171, TPD #2410080194, Douglas Police Department #D25-07374, Pima County Sheriff's Department #240306313, TPD 240031 600 [handwritten: RU cy]

8. <u>Recommendation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Guidelines sentencing offense level pursuant to U.S.S.G.§ 3E1.1(a). If

the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

9. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations under Fed. R. Crim. P. 11(c)(1)(B) are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

10. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Program, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

11. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

12. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

13. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

14. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

## Agreement as to Property

15. The defendant agrees to abandon and relinquish any and all right, title, and interest in any assets that the defendant may have or have had over property which constitutes firearms (hereinafter the "Seized Firearms"):

| Count | Date | FFL | Firearms |
|---|---|---|---|
| 1 | 06/22/2023 | USA Pawn & Jewelry | German Sports Guns, AK47, .22 caliber rifle |
| 2 | 06/28/2023 | USA Pawn & Jewelry | Glock, 37, .45 caliber pistol |
| 3 | 06/28/2023 | USA Pawn & Jewelry | Glock, 29, 10 mm pistol |
| 4 | 06/28/2023 | USA Pawn & Jewelry | Glock, 19, 9 mm pistol |
| 5 | 07/25/2023 | USA Pawn & Jewelry | Glock, 43X, 9 mm pistol |
| 6 | 08/04/2023 | USA Pawn & Jewelry | Glock, 43X, 9 mm pistol |
| 7 | 08/19/2023 | USA Pawn & Jewelry | Glock, 30S, .45 caliber pistol |

| # | Date | Location | Firearm |
|---|---|---|---|
| 8 | 08/22/2023 | USA Pawn & Jewelry | Taurus, PT111 G2, 9 mm pistol |
| 9 | 08/22/2023 | USA Pawn & Jewelry | FMK, NVMN, 9 mm pistol |
| 10 | 09/02/2023 | USA Pawn & Jewelry | Glock, 19, 9mm pistol |
| 11 | 09/13/2023 | USA Pawn & Jewelry | Springfield, XD-45, .45 caliber pistol |
| 12 | 09/13/2023 | USA Pawn & Jewelry | Glock, 23, .40 caliber pistol |
| 13 | 06/20/2023 | USA Pawn & Jewelry | SCCY, CPX-2, 9mm pistol |
| 14 | 06/20/2023 | USA Pawn & Jewelry | Smith and Wesson, SD40VE, .40 caliber pistol |
| 15 | 06/24/2023 | USA Pawn & Jewelry | Llama, Max I, .45 caliber pistol |
| 16 | 06/24/2023 | USA Pawn & Jewelry | Smith and Wesson, SW9VE, 9mm pistol |
| 17 | 08/25/2023 | USA Pawn & Jewelry | Glock, 27, .40 caliber pistol |
| 18 | 08/25/2023 | USA Pawn & Jewelry | Glock, 44, .22 caliber pistol |
| 19 | 08/22/2023 | USA Pawn & Jewelry | Taurus, PT111 G2, 9mm pistol |
| 20 | 08/26/2023 | USA Pawn & Jewelry | Weirauch/Hermann, EA/R, .357 revolver |
| 21 | 06/15/2023 | USA Pawn & Jewelry | Forjas Taurus SA G2S 9mm pistol |
| 22 | 09/17/2023 | USA Pawn & Jewelry | Glock, model 19, 9x19 |
| 23 | 09/08/2023 | USA Pawn & Jewelry | Glock, model 21 gen 4 .45 caliber pistol |

### Waiver of Defenses and Appeal Rights

16. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed **a term of supervised probation**. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the defendant's conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Reinstitution of Prosecution

17.     Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such

proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

18. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

1  I have been advised by my attorney of the nature of the charge to which I am entering
2  my guilty plea. I have been advised by my attorney of the nature and range of the possible
3  sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the
4  sentence the court imposes.

5  My guilty plea is not the result of force, threats, assurances or promises other than
6  the promises contained in this agreement. I agree to the provisions of this agreement as a
7  voluntary act on my part, rather than at the direction of or because of the recommendation
8  of any other person, and I agree to be bound according to its provisions. I agree that any
9  Sentencing Guidelines range referred to herein or discussed with my attorney is not binding
10 on the Court and is merely an estimate.

11 I agree that this written plea agreement contains all the terms and conditions of my
12 plea and that promises made by anyone (including my attorney) that are not contained
13 within this written plea agreement are without force and effect and are null and void.

14 I am satisfied that my defense attorney has represented me in a competent manner.

15 I am not now on or under the influence of any drug, medication, liquor, or other
16 intoxicant or depressant, which would impair my ability to fully understand the terms and
17 conditions of this plea agreement.

### Factual Basis and Relevant Conduct

19 I further agree that the following facts accurately describe my conduct in connection
20 with the offense to which I am pleading guilty and that if this matter were to proceed to
21 trial the government could prove the elements of the offense beyond a reasonable doubt:

> On or about April 22, 2023, at or near Tucson, in the District of Arizona, Robert Alan Wittenberg, having knowledge of a felony cognizable by a court of the United States, specifically Making a False Statement in Connection with Acquisition of Firearms under 18 U.S.C. § 924(a)(1)(A), concealed and did not as soon as possible make known the same to some judge or other person in civil authority under the United States in violation of 18 U.S.C. § 4.
>
> On April 22, 2023, in the District of Arizona, I, Robert Alan Wittenberg purchased a German Sports Guns, AK47, .22 caliber rifle from USA Pawn and Jewelry, a federally licensed firearms dealer ("FFL"), and represented that my address on the ATF Form 4473 was 2318 N. Flores Dr, Tucson,

Arizona, when in fact my address was on Richey Blvd., Tucson, Arizona, and had been for some time. In purchasing this firearm, I completed Form 4473, an Over-the-Counter Firearm Transaction Record, which is necessary paperwork required under federal law to be completed by the purchaser and kept in the records of the FFL, in connection with the sale of each firearm. In addition to the foregoing provisions to which I agree, I swear under penalty of perjury that the facts in the "factual basis" paragraph above are true.

11-25-25
Date

Robert W.
Robert Alan Wittenberg
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, 2025.

11-25-25
Date

~~Cynthia Yializis~~
Elizabeth Hannah
Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of

justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

11-25-25
Date

Julie A. Sottosanti
Russell Boatwright
Assistant U.S. Attorneys

- 11 -